| | |
|---|---|
| 1 | **PLC LAW GROUP, APC** |
| 2 | Peter L. Carr, IV (SBN 256104) |
|   | pcarr@thePLClawgroup.com |
| 3 | Na'Shaun L. Neal (SBN 284280) |
|   | nneal@thePLClawgroup.com |
| 4 | Lauren K. McRae (SBN 331296) |
|   | nneal@thePLClawgroup.com |
| 5 | 3756 Santa Rosalia Dr., Suite 326 |
|   | Los Angeles, CA 90008 |
| 6 | Telephone:  (310) 400-5890 |
| 7 | Facsimile:   (310) 400-5895 |
| 8 | **PERSON-LYNN LAW OFFICE** |
|   | JAAYE PERSON-LYNN, ESQ. SBN 269614 |
| 9 | jaaye@personlynnlaw.com |
| 10 | 200 Corporate Pointe, Suite 495 |
|    | Culver City, CA 90230 |
| 11 | Telephone: (310)642-0600 |
|    | Facsimile: (310) 642-4710 |
| 12 | |
| 13 | Attorneys for Plaintiffs |
|    | WINDY TAYLOR, individually, and |
| 14 | W.T., by and through his Guardian ad Litem, |
| 15 | DEANDREA MOORE, individually and as |
|    | successor in interest for WINSTON TAYLOR |
| 16 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WINDY TAYLOR, individually, and W.T., by and through his Guardian ad Litem, DEANDREA MOORE, individually and as successor in interest for WINSTON TAYLOR, | Case No.: |
| | **PLAINTIFFS' COMPLAINT FOR DAMAGES** |
| Plaintiff, | |
| vs. | **DEMAND FOR JURY TRIAL** |
| CITY OF REDLANDS, and DOES 1 to 10, inclusive, | |
| Defendants. | |

## INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages against officers of the Redlands Police Department and the City of Redlands, for committing acts, under color of law, which deprived Plaintiff W.T. of the lasting relationship with his father, Windy Taylor of the lasting relationship with her son, and Winston Taylor of his right to life and of other rights secured under the Constitution and laws of the United States and the State of California.

## JURISIDICTION AND VENUE

2. This action is brought pursuant to Cal. Civ. Code §52.1, California Constitution Article 1 §1 and §13, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. This court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367 (a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

4. The venue is proper in the Central District of California pursuant to 28 U.S.C. 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

5. On June 21, 2024, Plaintiffs WINDY TAYLOR, individually, and W.T., by and through his Guardian ad Litem, DEANDREA MOORE, individually and as successor in interest for WINSTON TAYLOR, filed a claim with Defendant City of Redlands to comply with applicable claim filing requirements. The City of Redlands rejected this claim for damages. On August 5, 2024, the City of Redlands mailed the notice of the rejected claim to Plaintiffs.

## PARTIES

6. At all relevant times herein, Winston Taylor (hereinafter referred to as "Winston" or "Decedent") was an individual residing in the County of Los Angeles,

1  California. He was of African American descent.

2      7. Plaintiff W.T., by and through his Guardian ad Litem, DEANDREA MOORE, is
3  and was at all relevant times mentioned herein, a resident of the County of San
4  Bernardino, State of California. W.T. is the natural son to the deceased Winston
5  Taylor. Plaintiff W.T. asserts all survival claims and rights under California law that
6  survive his father's death pursuant to California Code of Civil Procedure Section
7  377.30, and any survival claim he may bring under 42 U.S.C. § 1983 in his capacity as
8  his father's successor-in-interest.

9      8. Plaintiff Windy Taylor (hereinafter referred to "Ms. Taylor") is and was at all
10 relevant times mentioned herein, a resident of the County of Los Angeles, State of
11 California. Ms. Taylor is the natural mother to the deceased Winston Taylor. Plaintiff
12 Ms. Taylor asserts all survival claims and rights under California law that survive her
13 son's death pursuant to California Code of Civil Procedure Section 377.30 and any
14 survival claim she may bring under 42 U.S.C. § 1983.

15     9. Defendant CITY OF REDLANDS (hereinafter referred to as the "CITY") is a
16 public entity, organized and existing under the laws of the State of California and was
17 responsible for the hiring, retaining, training and supervision of the conduct, policies
18 and practices of its employees and agents of the Redlands Police Department
19 (hereinafter referred to "RPD") and all of its members, agents and employees.

20     10. Plaintiffs are informed and believe that DOES 1 through 10, inclusive, are and
21 were at all times relevant for purposes of this action, officers of the Redlands Police
22 Department. DOES 1 through 10, inclusive, are sued herein under fictitious names.
23 Their true names are unknown to Plaintiffs. When their true names are ascertained,
24 Plaintiffs will amend this Complaint by inserting their true names herein.  Plaintiffs are
25 informed and believe, and thereon allege that each of the fictitiously named
26 Defendants is responsible in some manner for the occurrences herein alleged, and that
27 Plaintiffs' damages herein alleged were proximately caused by those Defendants. At
28 all times referred to herein, Defendants DOES 1 through 10, inclusive, acted under

color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of California, the City of Redlands, and the Redlands Police Department, and pursuant to their authority as officers, sergeants, and detectives of said Department and CITY.  Plaintiffs sue Defendants DOES 1 through 10, inclusive, each in their individual and official capacities.

11. Plaintiffs are informed and believe, and thereon allege that these DOES 1 through 10, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

## FACTS COMMON TO ALL COUNTS

12. On December 28, 2023 at approximately 3:00 a.m., Redlands Police Department ("RPD") officers responded to an alleged burglary that occurred at Joe's Liquor store, located at 1748 East Lugonia Avenue, Ste. 125, Redlands, California 92374.

13. Winston Taylor ("Winston" or "Decedent"), a 19-year-old African American male, fled from RPD officers on foot.

14. On information and belief, RPD officers pursued Winston and cornered him at the intersection of East Colton Avenue and Wabash Avenue in Redlands, California.

15. On information and belief, RPD officers violently assaulted and battered Winston when taking him into police custody.

16. On information and belief, as a direct and proximate result of the officers' extreme use of unnecessary force, Winston died.

17. On information and belief, RPD officers failed to render or summon any medical aid and left Winston's lifeless body in a field of rocky terrain near the intersection of East

Colton Avenue and Wabash Avenue in Redlands, California.

18. Winston's body was found at approximately 6:00 a.m. covered in bruises.

19. As a result of the officers' excessive force and denial of medical care, Winston suffered physical and mental pain and suffering before his death. Winston's mother, Windy Taylor, and child, W.T., have suffered and continue to suffer loss of companionship and financial support.

20. As a further proximate cause of the acts of Defendant Officers, Plaintiffs were compelled to secure the services of an attorney at law, and by virtue thereof, Defendants are liable for reasonable attorneys' fees pursuant to 42 U.S.C § 1988 and Cal. Civ. Code §52.1.

## FIRST CAUSE OF ACTION
## EXCESSIVE FORCE (42 U.S.C. § 1983)
## (Against DOES 1 through 10, inclusive)

21. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

22. Defendants, individually and as peace officers, used excessive force that deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

23. As a result of Defendants' excessive force, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which THE ESTATE OF WINSTON TAYLOR is entitled to recover damages. Plaintiffs Windy Taylor and W.T. have also been deprived of life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

24. As a result of the conduct of Defendant DOES, individually and as peace officers, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

25. The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

26. Plaintiff W.T. seeks damages as successor-in-interest to DECEDENT and as representatives of the DECEDENT's estate.

27. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEDICAL CARE (42 U.S.C. § 1983)

**(Against DOES 1 through 10, inclusive)**

28. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

29. Defendant DOES 1 through 10, inclusive, individually and as peace officers, failed to timely provide medical care. Defendant DOES knew or should have known that their failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

30. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which PLAINTIFFS are entitled to recover damages. Plaintiffs have also been deprived of life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral

and burial expenses, loss of gifts and benefits and loss of financial support.

31. As a result of the conduct of Defendant DOES, individually and as peace officers, they are liable for DECEDENT's injuries, either because they were integral participants in the failure to provide adequate medical care, or because they failed to intervene to prevent these violations.

32. The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to each individual Defendant.

33. Plaintiffs seek damages as successors-in-interest to DECEDENT and as representatives of the DECEDENT's estate.

34. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

### SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)

### (Against DOES 1 through 10, inclusive)

35. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

36. Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

37. As a result of the use of excessive force and failure to provide medical care by DOES 1-10, individually and as peace officers, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

38. Defendants, individually and as peace officers, acting under the color of state law, thus violated the Fourteenth Amendment right of Plaintiffs to be free from

unwarranted interference with their familial relationship with DECEDENT.

39. The aforementioned actions of Defendants, individually and as peace officers, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, and with purpose to harm unrelated to any legitimate law enforcement objective.

40. As a direct and proximate cause of the acts of the Defendants, individually and as peace officers, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which the ESTATE OF WINSTON TAYLOR is entitled to recover damages.

41. DOE Defendants are liable for DECEDENT's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

42. The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

43. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

## CUSTOM, PRACTICE OR POLICY CAUSING VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### (Against City of Redlands)

44. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

45. Defendant CITY, is and at all times herein mentioned, has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California.

46. At all times herein mentioned, Defendant CITY possessed the power and

authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Redlands Police Department ("RPD") and its tactics, methods, practices customs and usages.

47. At all times relevant to this Complaint, Defendants DOES 1 to 10, inclusive, worked as peace officers for the CITY and were acting under the direction and control of the CITY, who knowingly and intentionally promulgated, maintained, applied, and enforced the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments of the United States Constitution

48. Based upon the principles set forth in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), CITY is liable for all injuries sustained by Plaintiffs set forth herein.

49. CITY bears liability because its policies, practices and/or customs were a moving force behind DECEDENT's death and Plaintiffs' injuries.

50. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant CITY and RPD include, but are not limited to:

   a. Failure to provide adequate training and supervision to RPD Officers with respect to constitutional limits on the use of force;
   b. Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct;
   c. Selection, retention, and assignment of officers with demonstrable propensities for excessive force, violence, dishonesty and other misconduct;
   d. Condonation and encouragement of officers in the belief that they can violate the rights of persons, such as DECEDENT, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;
   e. Failure to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed RPD employees;

  f. Reprimanding, threatening, intimidating, demoting and firing employees who reported acts of abuse by other RPD employees;

  g. Covering up acts of misconduct and abuse by RPD employees and sanctioning a code of silence by and among RPD employees;

  h. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of conduct and the wrongful death of DECEDENT; and

  i. Failure to adequately train and supervise RPD officers' use of arm hold techniques to deliberately cause pain and injuries.

51. Defendant CITY and RPD's unlawful use of force of DECEDENT is a part of practice and pattern of the RPD's unlawful mistreatment of African Americans.

52. The following are a list of incidents exemplifying the aforementioned policies, customs, practices and usages of Defendant CITY and its police department:

  a. In 2017, the CITY agreed to pay Kristen Bauer $200,000 as part of a settlement agreement arising from a lawsuit that alleged RPD police were negligent and failed to get her immediate medical attention after she was shot by police during a stand-off between officers and her ex-boyfriend.

  b. Stanley Claiborne, who is African American, brought a lawsuit against the CITY regarding a traffic stop in 2020, during which he was pulled over in front of his house for broken taillight and tinted windows. An RPD officer threatened to pull him out of the car, then held Claiborne by the wrist and tried to grab his hair. The case settled for $20,000.

  c. According to media reports, in 2023 RPD officers were 4.4 times more likely to stop Black people than white people.

  d. According to media reports, in 2023 three Redlands police supervisors were accused of trying to hide evidence of sexual misconduct within the department, triggering investigations by the FBI. Specifically, forensic specialist Geneva Holzer alleged former RPD Deputy Chief Mike Reiss

and Sgt. Kyle Alexander tried to destroy or cover up a semen-stained office chair that belonged to an ex-employee who was coerced into sexual activity with Reiss.

53. On information and belief, Defendant Does attended training programs related to anti-discrimination prior to the incident with DECEDENT.

54. On information and belief, Defendant Does attended training programs related to use of force prior to the incident with DECEDENT.

55. Despite Defendant Does receiving training that designed to prevent the conduct described in this Complaint, Defendant Does violated Plaintiffs' constitutional rights as described in the complaint.

56. Prior to the incident, CITY knew its training program was insufficient to prevent the type of conduct experienced by DECEDENT and Plaintiffs but did nothing to prevent the conduct.

57. The aforesaid policies, customs, practices and usages described in this complaint were the moving force that caused DECEDENT to be subjected by unconstitutional policing by Defendant Does on December 28, 2023.

58. By reason of the aforesaid policies, customs, practices and usages, Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated.

## FIFTH CAUSE OF ACTION
### Negligence (Cal. Govt. Code §§ 815.2(a) and 820(a))
### (Against all Defendants)

59. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

60. Defendant DOES 1-10, individually and as peace officers, failed to exercise reasonable and ordinary care by actions and inactions which include, but are not limited to:

    1) failing to properly assess the need to use force or deadly force against DECEDENT;

    2) failing to provide prompt and adequate medical care to DECEDENT;

    3) negligently handling evidence and witness information;

    4) negligently hiring and retaining officers with demonstrable propensities for excessive force, violence, dishonesty and other misconduct;

    5) negligently failing to provide adequate training and supervision to RPD Officers with respect to constitutional limits on the use of force;

    6) negligently failing to investigate allegations of officer misconduct;

    7) negligently failing to record complaints of officer misconduct; and

    8) negligently determining complaints of officer misconduct are unsubstantiated.

61. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity for which Plaintiffs are entitled to recover damages.

62. DOE Defendants are liable for DECEDENT's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

63. Plaintiffs Windy Taylor and W.T. have been deprived of the life-long love, companionship, comfort, support, society, care, sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of benefits and gifts and loss of financial support.

64. Defendant CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to sections 815.2(a) and 820(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65. The above recited actions of Doe Defendants were done with malice, fraud, or oppression, and reckless disregard of Plaintiffs' rights. As a result, Plaintiffs are entitled to an award of punitive damages against all Defendants excluding the CITY.

66. Plaintiffs are also seeking wrongful death damages under this claim.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE BANE ACT

### (Cal. Civil Code §§ 52 and 52.1 and

### Cal. Govt. Code §§ 812(a), 815.2(a) 815.4 and 820(a))

### (Against all Defendants)

67. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

68. As alleged herein, Defendants, while working as employees for the CITY, interfered by threats, intimidation, or coercion with DECEDENT's rights under state and federal laws and under the state and federal Constitutions including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, rights under California Civil Code § 43, California Penal Code §§ 149 and 242, rights under the Fourth and Fourteenth Amendments to the United States Constitution, and rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

69. As a direct and proximate cause of Defendant Does' acts, DECEDENT was injured, suffered damages, including, without limitation, loss of earnings and earning capacity, loss of life, loss of his relationship with his family, pain and suffering, physical injuries, emotional distress, funeral and burial expenses, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

70. DOE Defendants are liable for DECEDENT's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

71. Defendant CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to sections 815.2(a) and 820(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

72. The conduct of DOE Defendants, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages against each individual Defendant.

73. Plaintiff W.T. brings this claim as successor-in-interest for DECEDENT's estate and seeks statutory damages under California Civil Code §§ 52, as well as compensatory and punitive damages according to proof.

## SEVENTH CAUSE OF ACTION
## BATTERY – WRONGFUL DEATH
## (Cal. Govt. Code §§ 812(a), 815.4 and 820(a))
## (Against all Defendants)

74. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

75. DOE Defendants, individually and as peace officers, while working as employees for the CITY, and acting within the course and scope of their duties, intentionally used unreasonable force against DECEDENT.

76. As a result of the actions by the DOE Defendant, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity for which the Plaintiffs are entitled to recover damages. Additionally, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of

benefits and gifts and loss of financial support.

77. Defendant CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to sections 815.2(a) and 820(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78. The conduct of DOE Defendants, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

79. Plaintiffs seek wrongful death damages under this claim.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them as follows:

1. For compensatory (or general) damages, under federal and state law, in an amount to be proven at trial;
2. For special damages under federal and state law, in an amount to be proven at trial;
3. For punitive damages as to Defendant DOES 1 to 10 in their individual capacity, an amount appropriate to punish Defendants and deter others from engaging in similar misconduct, in an amount to be proven at trial;
4. For prejudgment interests;
5. For reasonable costs of this suit incurred herein;
6. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 & California Civ. Code §52.1(h) and costs as provided by law;
7. Loss of earnings, past and future;
8. For interest as allowed by law; and
9. For such other and further relief as the Court may deem proper.

DATED: February 3, 2025

PLC LAW GROUP, APC
PERSON-LYNN LAW OFFICE

*/s/ Peter L. Carr, IV*
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae

*/s/ Jaaye Person-Lynn*
Jaaye Person-Lynn

Attorneys for Plaintiffs
WINDY TAYLOR, individually, and W.T., by and through his Guardian ad Litem, DEANDREA MOORE, individually and as successor in interest for WINSTON TAYLOR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial by jury.

DATED: February 3, 2025

**PLC LAW GROUP, APC**
**PERSON-LYNN LAW OFFICE**

*/s/ Peter L. Carr, IV*
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae

*/s/ Jaaye Person-Lynn*
Jaaye Person-Lynn

Attorneys for Plaintiffs
WINDY TAYLOR, individually, and W.T., by and through his Guardian ad Litem, DEANDREA MOORE, individually and as successor in interest for WINSTON TAYLOR